HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER STROJNIK,

        Plaintiff,

v.

SWANTOWN INN & SPA LLC,

        Defendant.

CASE NO. C18-1831 RBL

ORDER

THIS MATTER is before the Court on *pro se* Plaintiff Strojnik's Motion to Strike [Dkt. # 8] Defendant's "Response" [Dkt. # 6] to his Complaint [Dkt. # 1], and on the Court's own motion.

Strojnik sued the Swanton Inn LLC (a bed and breakfast in Olympia) for what he claims are violations of the Americans with Disabilities Act. His complaint[1] alleges that he is disabled, and that he was dissuaded from visiting the Swanton Inn because the description and pictures he

---

[1] The complaint is a virtual copy of the one Stronjik filed in *Stronjk v Geiger Victorian, Inc.*, Cause No. 18-cv-5912RBL. The Court takes judicial notice of the fact that Stronjik is Phoenix-based attorney who was indefinitely suspended from practice for filing ~2000 "cut and paste" "frivolous" ADA lawsuits. *See* https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/.

ORDER - 1

saw on the internet (on Hotels.com) failed to demonstrate to him that the Inn was ADA compliant:





[Dkt. # 1-1]. Based on these ADA violations, Stronjik seeks injunctive relief, compensatory damages, punitive damages, costs and, despite the fact is he proceeding *pro se*, attorneys' fees. [Dkt. # 1].

Nathan and Casey Allan's "Response" claims they own and live at the Inn, and that it is exempt from the ADA because it has only five rooms. They also explain that one of the rooms *is*

ADA complaint, except for grab bars in the bathroom. They demonstrate that this information is on their own website, Swanntowninn.com.

Strojnik moves to strike the Response because the Allans are not attorneys and they cannot represent their LLC *pro se* in this Court.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a *pro se* exception to this general rule, under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." The pro se exception is, however, extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer v. State, Dep't of Employment Sec.,* 162 Wash. App. 782, 787–88, 257 P.3d 667, 669 (2011).

The Court will not strike the Response but the Swanton Inn LLC must obtain an attorney to represent it in this Court. The Motion to Strike is **DENIED**. Swantown Inn's obligations to respond to the complaint or participate in the formulation of a discovery plan is **STAYED** for 90 days for it to do so.

In the meantime, Plaintiff Stronjik is **ORDERED TO SHOW CAUSE** in writing why this case should not be dismissed as frivolous. At a minimum, Stronjik's Response should address the following:

• Describe and document any reasonable inquiry into the complaint's factual allegations and claims, consistent with Stronjik's obligations under Fed. R. Civ. P. 11(b)(1), (2), and (3).

• Stronjik's standing to assert these claims, including his disability and any injury in fact.

• The propriety of any sanctions if the Court concludes that the matter is frivolous or violates Rule 11.

Stronjik's Response to the Order to Show Cause should be filed and served within 15 days of this Order.

IT IS SO ORDERED.

Dated this 20th day of February, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge